UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.                                                      Case No. 3:22-cr-84-RGJ

BRETT HANKISON,
Defendant.

## UNITED STATES' UNOPPOSED MOTION FOR A PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the United States of America files this unopposed motion for a protective order regulating the disclosure of all discovery materials provided in this case (the "Discovery Production"), as described in this Motion and the Proposed Order, attached as Exhibit A. Counsel for the United States has conferred with counsel for defendant Brett Hankison to negotiate a Proposed Order that will allow the government to quickly and efficiently fulfill its discovery obligations while protecting the important privacy interests implicated by the large volume of sensitive information the government intends to produce. The parties have reached full agreement on the Proposed Order, which is attached as Exhibit A. This order is identical to the protective order entered in the related case of *United States v. Jaynes*, *et. al.*, 3:22-cr-85-CRS. Accordingly, and for the reasons set forth below, the United States respectfully asks the Court to enter the Proposed Order attached in Exhibit A.

### I.    Background

On August 4, 2022, a federal grand jury returned a two-count Indictment against defendant Hankison, a former Louisville Metro Police Department (LMPD) officer. Counts One and Two charge defendant Hankison with willful deprivation of rights under color of law for his conduct in shooting through covered windows into Apartment 4 at 3003 Springfield Drive in Louisville,

Kentucky, after there was no longer a lawful objective justifying the use of deadly force, in violation of 18 U.S.C. § 242.  On the same day the grand jury returned the Indictment in this case, related federal charges were filed against former LMPD officers Joshua Jaynes and Kyle Meany, Case No. 3:22-cr-85-CRS, and Kelly Goodlett, Case No. 3:22-cr-86-RGJ.  Defendant Goodlett pleaded guilty on August 23, 2022.

To comply with its discovery obligations, the United States has prepared the first of several large discovery productions containing materials relevant to these defendants.  The United States is asking the Court in this case to enter an identical Protective Order to the one that the Court in *United States v. Jaynes & Meany* entered on September 9, 2022, and to which the parties in this case have agreed.  This will protect the sensitive information in the Discovery Production, impose consistent obligations on all the parties, and allow the United States to efficiently produce identical sets of discovery to all counsel.

The Protective Order is critical because many of the materials the government intends to produce contain personal and sensitive information about uncharged individuals and law enforcement activities.  Specifically, the United States' initial production pursuant to Federal Rule of Criminal Procedure 16 includes approximately 65,000 documents and records, totaling more than 300,000 pages, as well as dozens of audio and video recordings and significant data from electronic devices, such as cell phone and GPS trackers.  The discovery includes, among other items: medical records, reports of investigations of incidents involving LMPD officers, LMPD policy and training documents, emails sent among LMPD officers and other Louisville government employees, personal text messages, and other law enforcement records.  Further, the discovery includes written statements by officers, supervisors, civilian witnesses, and crime victims, many of which contain discussion of highly personal and sensitive subjects.  The discovery also includes

personnel records, including employment applications, psychological evaluations, transcripts, references, performance evaluations, and internal affairs files.

**II.    The Proposed Protective Order is appropriate under Rule 16 and necessary to protect sensitive information and the privacy of victims, witnesses, and uncharged individuals**

The Proposed Protective Order is appropriate under Rule 16(d)(1) of the Federal Rules of Criminal Procedure, which provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. FED. R. CRIM. P. 16(d)(1). The Court therefore has the discretion to regulate and restrict discovery and the disclosure of discovery materials through use of protective orders. *See, e.g.*, *Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

Moreover, a protective order is appropriate to protect the privacy of crime victims, who possess a statutory "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Courts are directed to "ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). Attorneys for the Government are empowered by statute to "assert the rights described in subsection (a)." 18 U.S.C. § 3771(d)(1). Attorneys may effectively protect these rights by seeking a protective order from the Court.

Public disclosure of the information contained in the Discovery Production would harm the legitimate privacy interests of the victims, LMPD personnel, Louisville city government employees, and many other uncharged individuals. Permitting the release of such confidential and sensitive information, especially that of victims, witnesses, and other non-parties, would chill the truth-seeking function of the judicial process, as witnesses could become more reluctant to provide parties with information in their possession.

Indeed, the parties have reached agreement that all of the provisions in the Proposed Protective Order are appropriate and warranted.

## III.    Conclusion

The Discovery Production contains personally identifying information and substantive content that is personal and sensitive in nature, including sensitive law enforcement material. To ensure the protection of this sensitive information, protect the privacy of the individuals referenced in the Discovery Production, and to avoid the disclosure of this information to other individuals, the United States respectfully asks the Court to enter the Proposed Protective Order in its entirety.

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General


/s/ Michael J. Songer
Michael J. Songer
Anna Gotfryd
Trial Attorneys
Criminal Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 305-1762
Michael.Songer@usdoj.gov
Anna.Gotfryd@usdoj.gov

4

5

Zachary Dembo
Assistant U.S. Attorney
Eastern District of Kentucky
260 W. Vine Street, Suite 300
Lexington, KY 40507-1612
ZDembo1@usa.doj.gov
(859) 233-2661

Authority Conferred by 28 U.S.C. § 515

6

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 13th day of September, 2022, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to all counsel of record in this case.

/s/ *Michael J. Songer*
MICHAEL J. SONGER
U.S. Department of Justice

6